UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | | |
|---|---|---|
| HOOSIER ENERGY RURAL ELECTRIC COOPERATIVE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JOHN HANCOCK LIFE INSURANCE COMPANY; OP MEROM GENERATION I, LLC; MEROM GENERATION I, LLC; AE GLOBAL INVESTMENTS, LLC; AMBAC CREDIT PRODUCTS, LLC; AMBAC ASSURANCE CORPORATION and COBANK, ACB, | ) ) ) ) ) ) ) ) | CASE NO. 1:08-cv-1560-DFH-DML |
| Defendants. | ) ) | |

ENTRY ON PENDING MATTERS

In the wake of this court's entry of a preliminary injunction, several matters must be addressed.

First, as the court indicated in its entry on the motion for preliminary injunction, it has been necessary to revisit the issue of security under Rule 65(c) of the Federal Rules of Civil Procedure. The court held a hearing on Wednesday, November 26, 2008, and heard argument and some evidence. Over Hoosier Energy's objection, the court concluded that it had jurisdiction to hear the bond issue, notwithstanding John Hancock's filing of a notice of appeal, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. For reasons stated on the

record, the court orders as follows, as conditions for keeping the preliminary injunction in force:

    (a)    Plaintiff Hoosier Energy shall post an injunction bond in the sum of Two Million Dollars ($2,000,000.00) with this court no later than the close of business on Monday, December 1, 2008.

    (b)    Plaintiff Hoosier Energy shall not voluntarily incur any additional debt secured by the Merom generating assets that are the subject of the Subordinated Mortgage and Security Agreement dated as of December 1, 2002 (Hearing Exhibit 2) ("the Subordinated Mortage") unless such additional debt is subordinate to Hoosier Energy's obligations secured by that instrument.

    (c)    The debt to the John Hancock defendants[1] secured by the Subordinated Mortgage shall include any obligations that Hoosier Energy may owe to the John Hancock defendants if the John Hancock defendants are found to have been wrongfully enjoined or restrained by this court's preliminary injunction. Hoosier Energy shall promptly cause notice of this obligation to be recorded with the Recorder of Sullivan County, Indiana so

---

[1] They are John Hancock Life Insurance Company, OP Merom Generation I, LLC, and Merom Generation I, LLC.

as to give public notice of this potential obligation to others interested in the same real estate.

Second, the court will hear additional evidence and argument on the issue of security for the preliminary injunction on Tuesday, December 2, 2008, at 9:00 a.m. in Room 344, Birch Bayh U.S. Courthouse, Indianapolis, Indiana.

Third, the court hereby denies John Hancock's emergency motion for stay of preliminary injunction (Docket No. 61). If the court were to stay the preliminary injunction, Ambac would immediately pay John Hancock the more than $120 million termination payment, causing irreparable harm, the prospect of which prompted the issuance of the preliminary injunction in the first place. In this setting, the court's weighing of the relevant equitable factors that supported issuance of the preliminary injunction also weighs in favor of denial of a stay pending appeal. See generally *Hilton v. Brauskill*, 481 U.S. 770, 776 (1987); Fed. R. Civ. P. 62(c). The preliminary injunction preserves the disputed status quo for now, and a stay of the injunction would unalterably and irreparably change the situation.

So ordered.

Date:  November 26, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven M. Badger
BOSE MCKINNEY & EVANS, LLP
sbadger@boselaw.com,dbarr@boselaw.com

Gary J. Clendening
MALLOR CLENDENING GRODNER & BOHRER
gjclende@mcgb.com,rhunter@mcgb.com

Erin L. Connell
RILEY BENNETT & EGLOFF
econnell@rbelaw.com

David Roy Day
CHURCH CHURCH HITTLE & ANTRIM
day@cchalaw.com

Kathleen I. Hart
BOSE MCKINNEY & EVANS, LLP
khart@boselaw.com,rrichey@boselaw.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com,lgregory@rbelaw.com

Reed S. Oslan
KIRKLAND & ELLIS
roslan@kirkland.com

George T. Patton , Jr
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com,lcooper@boselaw.com

-5-

John R. Schaibley , III
BAKER & DANIELS
jrschaib@bakerd.com,eawalpol@bakerd.com,wjmoore@bakerd.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com,beth.walpole@bakerd.com

Michael Baratz
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave. N.W.
Washington, DC 20036

Israel Dahan
CADWALADER WICKERSHAM & TAFT LLC
One World Financial Center
New York, NY 10281

Matthew J. Herrington
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., N.W.
Washington, DC 20036

Jonathan M. Hoff
CADWALADER WICKERSHAM & TAFT LLC
One World Financial Center
New York, NY 10281

Benjamin W. Hulse
KIRKLAND & ELLIS, LLP
200 E. Randolph Dr.
Chicago, IL 60601

James C. Joslin
KIRKLAND & ELLIS, LLP
200 E. Randolph Dr.
Chicago, IL 60601

Steven Lenkowsky
CADWALADER WICKERSHAM & TAFT LLC
One World Financial Center
New York, NY 10281